OPINION OF THE COURT
Eli Wager, J.
This motion brought by order to show cause by Stanley S. Getzoff, Esq., former local counsel for Dudley H. Chapman, Esq., attorney for defendants, for an order vacating or modifying the order of this court dated May 23, 1990 and entered *618 June 6, 1990 to the extent of removing the name of Stanley S. Getzoff from the text of the order is determined as follows.
In 1988, Mr. Getzoff accepted a cocounsel position with Dudley Chapman, an attorney located in Washington, D. C. Mr. Getzoff claims that his sole function was to mail papers and receive the same for forwarding to primary counsel, Dudley Chapman. He avers that at no time did he initiate any procedure, draw any affidavit or other document, argue any motion, attend any conference, speak with any of the opposing attorneys or perform any function other than acting as his "mail drop”. Mr. Getzoff further claims that he was not familiar with any prior motions, state of discovery or the facts or the law concerning this action.
On April 3, 1990, this court denied various motions by the defendant for summary judgment, seeking addition of certain persons as counterclaims, disqualification of attorneys, depositions, and sequestration of certain stock. The court, noting that defendants ignored warnings from the court that further delay of this case based on unfounded motions, missed deadlines and incomplete papers would be severely dealt with through sanctions, granted plaintiffs motion for sanctions and directed defendants’ counsel to personally pay $750 to the attorney for the plaintiff and attorney for counterclaim defendants as well as $2,500 to the County Clerk on behalf of the Clients’ Security Fund. While the decision required defendants’ counsel generically to pay the sanctions, it did note that it was unclear what role, if any, "New York counsel” Mr. Getzoff plays in this action and that he considers himself merely a mail drop.
This decision was reduced to an order which was entered on June 6, 1990. This order requires both Dudley Chapman and Stanley S. Getzoff to make the above-described payments.
Mr. Getzoffs motion is granted. In directing that the previous order be modified to delete Mr. Getzoff from the text, the court notes that Mr. Chapman is himself an attorney admitted to practice in the State of New York and that it is apparent that Mr. Getzoffs role in this matter was limited and that he took no affirmative action with respect to this case. However, the court is in no way condoning the actions of Mr. Getzoff. It is clear from the papers that while Mr. Getzoff considered himself merely a "mail-drop” he was, in fact, officially cocounsel. As such, his name appears on all court papers, and he was served with all motions and disclosure demands. Mr. Getzoff concedes that he accepted a fee for his "mail drop” service.
*619 Therefore, while the court grants Mr. GetzofFs motion, it does so with a word of caution that one who permits the use of his name as nominal cocounsel does so with some peril. An attorney cannot present himself as an attorney-of-record and charge a fee for services without subjecting himself to the concomitant responsibilities.